### MONROE BANK v. LICHTENSTEIN.

(Supreme Court, Appellate Term. November 24, 1905.)

JUDGMENT—DEFAULT—VACATING—CONFLICTING EVIDENCE.

Where the evidence on a motion to set aside a default, as to the cause thereof, is in direct conflict, the issue should not be decided on affidavits, but the court should open the default on such terms as it may deem proper.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by the Monroe Bank against Alter Lichtenstein. From an order denying a motion to open a default, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and MacLEAN, JJ.

J. H. Reiter, for appellant.
Rosenblatt & Silverman, for respondent.

PER CURIAM. The moving affidavit was a substantial compliance with the rule requiring an affidavit of merits. The defendant shows, further, that immediately upon receiving the summons herein he called on plaintiff's vice president and settled all claims of plaintiff against himself; that the vice president took the summons from the defendant, saying he would have the case settled and withdrawn; that defendant paid no further attention to the matter, relying on the aforesaid promise, until judgment by default was taken against him. He

thereupon made the motion to open the default, which was denied. From the order denying said motion, defendant appeals.

The vice president, above referred to, in an opposing affidavit swears the defendant did not keep his agreement to pay the claim, although plaintiff gave him ample opportunity to do so.   The court believed the plaintiff's officer and denied the application.   It seems to us that upon such a direct conflict of evidence the issue should not be decided upon affidavits, but that the court should have opened the default upon such terms as it might deem proper.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to open the default granted, upon payment of $10 costs.