GORDON v. SATENSTEIN et al.

(Supreme Court, Appellate Term. December 22, 1911.)

JUDGMENT (§ 162*)—DEFAULT—VACATION—SERVICE—EVIDENCE—ISSUE OF FACT.
Where, on a motion to open defendant's default, his verified answer and affidavit averred that he resided at 22 Mt. Morris Park West, in New York City, at the time it was alleged process was served on him, and that he was never served with process in the action, and the process server testified that he served defendant at No. 25 Mt. Morris Park West, the default should have been opened, and defendant afforded an opportunity to defend.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 319–322; Dec. Dig. § 162.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Pauline Gordon against Reuben Satenstein and another. From a Municipal Court judgment in favor of plaintiff, the defendant named appeals. Reversed.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Leo Schafran, for appellant.
William Rabinowich, for respondent.

GIEGERICH, J. The defendant appeals from an order denying his motion to open his default. The motion was made upon an order to show cause, and was accompanied by an affidavit of merits, a verified answer, and an affidavit in which one of the defendants swears that he resides at No. 22 Mt. Morris Park West, in this city, and did so reside there at the time it is alleged he was served with the process in this action, and that he was never served with process in this action, and asks that he be allowed to come in and defend the action. The process server testifies that he served this defendant at No. 25 Mt. Morris Park West. Upon this issue of fact the court below denied the defendant's motion to open his default. Under such circumstances the defendant should be allowed his day in court, and the motion to open the default should have been granted. Monroe Bank v. Lichtenstein, 96 N. Y. Supp. 260.

Order reversed, and default opened, with costs to appellant to abide the event, and the ——— day of ———, 1911, fixed for the trial. All concur.